UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action |
| ) | | No. 3:16-CV-30086 |
| v. ) | | |
| ) | | ANSWER |
| BAYSTATE MEDICAL CENTER, INC. ) | | |
| d/b/a BAYSTATE HEALTH ) | | |
| ) | | |
| Defendant ) | | |

Defendant Baystate Medical Center, Inc. d/b/a Baystate Health [sic] whose legal name is Baystate Health, Inc. ("Baystate") answers the Complaint of Plaintiff Equal Employment Opportunity Commission ("Plaintiff") as follows:

To the extent that an answer is required to the Preamble to Plaintiff's Complaint, Baystate denies that it failed to accommodate the religious beliefs of Clarke or that it discriminated against her in any way because of her respective religion. Baystate further avers that a reasonable accommodation was made for Clarke's claimed religious beliefs. Further, Baystate denies any factual allegations contained in the Preamble to Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. Baystate admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited in paragraph 1. Baystate further admits that the EEOC is a federal governmental agency, that it is charged with the administration, interpretation and

enforcement of Title VII and that it is authorized to institute civil actions subject to the terms and provisions of that statute. Except as expressly admitted, Baystate denies the remaining allegations contained in paragraph 1.

2. Baystate denies that it committed any unlawful employment practices but admits that the actions complained of took place within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Baystate admits the allegations contained in paragraph 3.

4. Baystate states that at all times relevant to the allegations it was doing business in the Commonwealth of Massachusetts and City of Springfield as Baystate Health, Inc.

5. Baystate states that at all times relevant to the allegations it was doing business in the Commonwealth of Massachusetts and City of Springfield as Baystate Health, Inc.

## ADMINISTRATIVE PROCEDURES

6. Baystate admits the allegations contained in paragraph 6.

7. Baystate admits that a Letter of Determination was sent and that the EEOC invited Baystate to conciliation. However, Baystate contends that the Letter of Determination speaks for itself and is the best evidence of its contents. Except as expressly admitted, Baystate denies the remaining allegations contained in paragraph 7.

8. Baystate admits that the EEOC offered it a conciliation proposal and stated that

       Baystate Medical Center may submit its written response to the proposal within 10 days of receipt of the correspondence dated April 6, 2016. Baystate denies the remaining allegations contained in paragraph 8 of the complaint.

9. Baystate admits the allegations contained in paragraph 9.

10. Baystate admits the allegations contained in paragraph 10.

11. Baystate avers that Paragraph 11 calls for a legal conclusion and therefore neither admits nor denies any of the statements, and therefore calls upon the plaintiff to prove same.

## STATEMENT OF CLAIMS

12. Baystate denies the allegations contained in paragraph 12. Further, as to each sub-paragraph lettered a – t, Baystate admits, denies and alleges as follows:

   a. Baystate admits the allegations contained in sub-paragraph (a) but further states that employees who are immunized have a sticker placed on their badge.

   b. Baystate admits the allegations contained in sub-paragraph (b) but states that employees who decline to be immunized must wear a face mask in the appropriately designated manner while at work at Baystate Medical Center during the flu season.

   c. Baystate admits that if employees choose not to comply with the policy either by becoming immunized or opting to wear a face mask, they are placed on administrative leave. It is further admitted that while on administrative leave, the employee's job is not protected and may need to be filled.

d. Baystate admits the allegations contained in sub-paragraph (d) but states that Clarke worked in the Talent Acquisition Department as a Senior Talent Acquisition Consultant.

e. Baystate neither admits nor denies the allegations contained in sub-paragraph (e) as "administrative services building" is not a formal designation. Baystate states that Clarke's principal office was located at 280 Chestnut Street in Springfield, Massachusetts.

f. Baystate admits that Clarke was not required to have direct patient contact however, it is denied that the scope of expectations for the performance of her job did not encompass the need for Clarke to be present in areas where patients may be seen or encountered.  Furthermore, Clarke would be present in areas where she would encounter individuals who are in direct contact with patients or direct contact with healthcare providers.

g. Baystate admits that Clarke stated that she declined to be immunized with the flu shot because of her religious beliefs but can neither admit nor deny the remaining allegations in sub-paragraph (g).

h. Baystate admits that in October, 2015, Clarke's supervisor reviewed the policy with her department on at least two separate occasions.  It is denied that Clarke directly advised her supervisor that she did not intend to be vaccinated.  Baystate avers her supervisor was copied on an email from Clarke to Employee Health Services that indicated she would decline the influenza vaccine.

i. Baystate admits the allegations contained in sub-paragraph (i).

j. Baystate admits that on or about November 2, 2015, Clarke began wearing a mask. Baystate also admits that Clarke's supervisor "wrote her up" for failing to wear the mask correctly. Baystate denies the remaining allegations contained in sub-paragraph (j) and avers that it is not aware of any complaints by a third party about Clarke's use of a mask during conversations nor did Clarke's supervisors develop any concerns about Clarke's job performance related to utilizing a mask.

k. Baystate denies the allegations contained in sub-paragraph (k).

l. Baystate admits that Clarke claimed that she had received an isolated complaint from an individual that her voice was muffled during a telephone conversation. Baystate denies the remaining allegations contained in sub-paragraph (l) and further avers that Clarke's initial concern that she voiced to her supervisor was that she felt uncomfortable explaining to individuals the reason for wearing a mask.

m. Baystate admits that on November 19, 2015 Clarke was placed on administrative leave in accordance with the Baystate policy given Clarke's choice not to be vaccinated or wear the mask as required. Baystate denies that Clarke was suspended and the remaining allegations contained in paragraph (m.) are denied.

n. Baystate neither admits nor denies the allegations contained in sub-paragraph (n) and states further that the communication referenced in sub-paragraph (n) speaks for itself.

o. Baystate admits the allegations contained in sub-paragraph (o) to the extent that on or about December 3, 2015, Clarke informed Baystate that she had been informed by the Senior Vice President of Human Resources that she could not return to work until she either received the flu vaccine or agreed to appropriately wear the mask at all times

during flu season. Baystate further admits that Clarke stated that she would not agree to be vaccinated. Baystate denies the remaining allegations contained in sub-paragraph (o).

p. Baystate admits that on or about December 4, 2015, Clarke was notified that since her email indicated that Clarke was not in a position to comply with the flu policy, and Clarke had made a decision not to return to work. Baystate interpreted this to mean Clarke was resigning from her position, effective immediately. Baystate further states that they advised Clarke that if its understanding was inaccurate, Clarke should contact her supervisor by 8:00 a.m. on December 8, 2015.

q. Baystate admits the allegations contained in sub-paragraph (q) that in response to Baystate's December 4, 2015 email, Clarke again stated that candidates and other could not understand her when she spoke to them while wearing the mask. Baystate also admits that Clarke indicated that she would not be returning to her position. Baystate denies the remaining allegations contained in sub-paragraph (q.)

r. Baystate admits the allegations contained in sub-paragraph (r).

s. Baystate denies the allegations contained in sub-paragraph (s).

t. Baystate admits that Ms. Clarke did not have any direct patient contact. Baystate denies the remaining allegations contained in sub-paragraph (t) and Baystate further avers that the accommodation provided by Baystate did not interfere with Ms. Clarke's religious beliefs and was a reasonable accommodation.

13. Baystate denies the allegations contained in paragraph 13.

14. Baystate denies the allegations contained in paragraph 14.

15. Baystate denies the allegations contained in paragraph 15.

16. Baystate denies the allegations contained in paragraph 16.

## PRAYER FOR RELIEF

Baystate denies Clarke is entitled to the prayers for relief as Baystate did not fail to accommodate the religious beliefs of Clarke or otherwise discriminate against her because of her respective religion. To the contrary, Baystate maintains that a reasonable accommodation was made for Ms. Clarke's claimed religious beliefs.

## FIRST DEFENSE

The Complaint of the Plaintiff fails to state a claim against Baystate upon which relief can be granted by this Court.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent that those claims are predicted in whole or in part upon events occurring outside the relevant period(s) of limitations.

## THIRD DEFENSE

Baystate asserts that Clarke was, at all material times, an at-will employee of Baystate and, therefore, was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part to the extent that Clarke failed to exercise reasonable diligence to mitigate her damages.

## SIXTH DEFENSE

Clarke consented (either expressly or implicitly) to any and all actions by Baystate, which are made the basis for Plaintiff's lawsuit, if any such actions are found to have taken place.

## SEVENTH DEFENSE

Plaintiff's claims are barred from recovery by the doctrine of unclean hands.

## EIGHTH DEFENSE

The damages sustained by Plaintiff, if any, were proximately caused and occasioned by the acts and omissions of Clarke, said acts and omissions being the sole cause of their alleged damages. Therefore, Baystate pleads the intervening acts and omissions of Clarke as a complete bar to Plaintiff's claims against Baystate.

## NINTH DEFENSE

To the extent Plaintiff's claims are not the subject of timely filed charges of discrimination; Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies.

## TENTH DEFENSE

Any and all actions taken by Baystate affecting Clarke were taken for reasons other than their religious beliefs.

**ELEVENTH DEFENSE**

Baystate terminated Clarke's employment based on legitimate business-related grounds, not related to her religious beliefs.

**TWELVETH DEFENSE**

All events which occurred more than 180 days prior to the filing of the underlying Charges of employment discrimination with the EEOC are untimely under Title VII and not properly assertable in this action; nor is Plaintiff entitled to relief under Title VII in this action for any events which occurred more than 180 days prior to the filing of the Charges of employment discrimination.

**THIRTEENTH DEFENSE**

Even if religion was a factor in any alleged employment action, which it was not, and which Baystate expressly denies, the same decision would have been made without regard to such factor.

**FOURTEENTH DEFENSE**

Baystate's decisions made as to the employment of Clarke were without consideration as to any protected category, but if it is determined that any protected category was a motivating factor in any decision, then Baystate asserts that it would have reached the same result, regardless of any protected category in which they may lie, based upon the facts and circumstances of the case.

**FIFTEENTH DEFENSE**

Plaintiff has asserted no facts which would support a claim for punitive damages under Title

VII. Therefore, Plaintiff has failed to state a claim upon which relief can be granted under Title VII.

**SIXTEENTH DEFENSE**

Because discovery has not yet occurred in this action, Baystate reserves the right to assert further defenses as appropriate.

**WHEREFORE**, having fully answered the allegations in Complaint of Plaintiff Equal Employment Opportunity Commission, Baystate respectfully prays that:

1. Plaintiff have and recover nothing of Baystate;

2. That Plaintiff not be afforded any other form of legal or equitable relief;

3. That the Court dismiss this action with prejudice;

4. That the costs of this action and Baystate's reasonable attorneys' fees be taxed against Plaintiff as may be allowed by law; and

5. For such other and further relief as the Court deems just and proper

The Defendants
*Baystate Medical Center, Inc. d/b/a Baystate Health*
By Their Attorneys
KEYES AND DONNELLAN, P.C.

Dated:  August 5, 2016

/s/ Kevin C. Giordano, Esquire
Kevin C. Giordano, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
BBO: #547376

<u>/s/ Kathleen E. Sheehan, Esquire</u>
Kathleen E. Sheehan, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
BBO: #456910

CERTIFICATE OF SERVICE

    I, Kevin C. Giordano, Esquire of the law firm of Keyes and Donnellan, P.C., 293 Bridge Street, Springfield, Massachusetts 01103, hereby certify that the within-named document was served on all parties of record in this action by mailing a copy thereof, first-class, postage prepaid, on this 5th day of August, 2016 to the following:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Jeffrey Burstein
Regional Attorney

Raechel L. Adams
Supervisory Trial Attorney

Sara Smolik
Trial Attorney
Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA  02203-0506

                                            /s/ Kevin C. Giordano_____
                                            Kevin C. Giordano