UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | Civil Action |
| OPPORTUNITY COMMISSION ) | No. 3:16-CV-30086 |
| ) | |
| Plaintiff, ) | |
| ) | ANSWER OF |
| v. ) | BAYSTATE MEDICAL |
| ) | CENTER TO |
| BAYSTATE MEDICAL CENTER, INC.; ) | AMENDED |
| BAYSTATE HEALTH, INC. ) | COMPLAINT |
| Defendant ) | |

Defendant Baystate Medical Center, Inc. ("BMC") answers the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC") as follows:

To the extent that an answer is required to the Preamble to Plaintiff's Complaint, BMC denies that it failed to accommodate the religious beliefs of Clarke or that it discriminated against her in any way because of her respective religion. BMC further avers that a reasonable accommodation was made for Clarke's claimed religious beliefs. Further, BMC denies any factual allegations contained in the Preamble to Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. BMC admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited in paragraph 1. BMC further admits that the EEOC is a federal governmental agency, that it is charged with the administration, interpretation and enforcement of Title VII and that it is authorized to institute civil actions subject to

the terms and provisions of that statute. Except as expressly admitted, BMC denies the remaining allegations contained in paragraph 1.

2. BMC denies that it committed any unlawful employment practices but admits that the actions complained of took place within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. BMC denies the allegations contained in paragraph 3 to the extent that such allegations pertain to Baystate Medical Center, Inc.

4. BMC admits the allegations contained in paragraph 4 to the extent that such allegations pertain to Baystate Medical Center, Inc.

5. BMC admits the allegations contained in paragraph 5 to the extent that such allegations pertain to Baystate Medical Center, Inc.

## ADMINISTRATIVE PROCEDURES

6. BMC denies the allegations contained in paragraph 6 to the extent that such allegations pertain to Baystate Medical Center, Inc.

7. BMC denies that it received a Letter of Determination. A Letter of Determination was sent to Baystate Health and the EEOC invited Baystate Health to conciliation. However, BMC contends that the Letter of Determination speaks for itself and is the best evidence of its contents. Except as expressly admitted, BMC denies the remaining allegations contained in paragraph 7 to the extent that such allegations

pertain to Baystate Medical Center, Inc.

8. BMC denies the allegations contained in paragraph 8 of the complaint to the extent that such allegations pertain to Baystate Medical Center, Inc.

9. BMC is without knowledge and/or information sufficient to form a belief as to the allegations as contained in Paragraph 9 to the extent that such allegations pertain to Baystate Medical Center.

10. BMC is without knowledge and/or information sufficient to form a belief as to the allegations as contained in Paragraph 10 to the extent that such allegations pertain to Baystate Medical Center.

11. BMC denies the allegations contained in paragraph 11 of the complaint to the extent that such allegations pertain to Baystate Medical Center, Inc.

## STATEMENT OF CLAIMS

12. BMC denies the allegations contained in paragraph 12 to the extent that such allegations pertain to Baystate Medical Center, Inc. Further, as to each sub-paragraph lettered a – t, BMC admits, denies and alleges as follows:

    a. BMC admits that the policy of Baystate Health, Inc. was applicable to BMC but further states that Baystate Health, Inc. employees who are immunized have a sticker placed on their badge.

    b. BMC denies that it promulgated an influenza immunization policy.

    c. BMC denies that it promulgated an influenza immunization policy.

d. BMC denies the allegations contained in sub-paragraph (d) of the complaint to the extent that such allegations pertain to Baystate Medical Center, Inc.

e. BMC denies the allegations contained in sub-paragraph (e) of the complaint to the extent that such allegations pertain to Baystate Medical Center, Inc.

f. BMC is without knowledge and/or information sufficient to form a belief as to the allegations as contained in sub-paragraph (f) to the extent that such allegations pertain to Baystate Medical Center.

g. BMC is without knowledge and/or information sufficient to form a belief as to the allegations as contained in sub-paragraph (g) to the extent that such allegations pertain to Baystate Medical Center.

h. BMC is without knowledge and/or information sufficient to form a belief as to the allegations as contained in sub-paragraph (h) to the extent that such allegations pertain to Baystate Medical Center.

i. BMC denies the allegations contained in sub-paragraph (i) of the complaint to the extent that such allegations pertain to Baystate Medical Center, Inc.

j. BMC denies the allegations contained in sub-paragraph (j) of the complaint to the extent that such allegations pertain to Baystate Medical Center, Inc.

k. BMC is without knowledge and/or information sufficient to form a belief as to the allegations as contained in sub-paragraph (k) to the extent that such allegations pertain to Baystate Medical Center.

l. BMC denies the allegations contained in sub-paragraph (l) to the extent that such

      allegations pertain to Baystate Medical Center, Inc.

   m. BMC denies the allegations contained in sub-paragraph (m) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   n. BMC denies the allegations contained in sub-paragraph (n) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   o. BMC denies the allegations contained in sub-paragraph (o) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   p. BMC denies the allegations contained in sub-paragraph (p) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   q. BMC denies the allegations contained in sub-paragraph (q) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   r. BMC denies the allegations contained in sub-paragraph (r) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   s. BMC denies the allegations contained in sub-paragraph (s) to the extent that such allegations pertain to Baystate Medical Center, Inc.

   t. BMC denies the allegations contained in sub-paragraph (t) to the extent that such allegations pertain to Baystate Medical Center, Inc.

13. BMC denies the allegations contained in paragraph 13 to the extent that such allegations pertain to Baystate Medical Center, Inc.

14. BMC denies the allegations contained in paragraph 14 to the extent that such

allegations pertain to Baystate Medical Center, Inc.

15. BMC denies the allegations contained in paragraph 15 to the extent that such allegations pertain to Baystate Medical Center, Inc.

16. BMC denies the allegations contained in paragraph 16 to the extent that such allegations pertain to Baystate Medical Center, Inc.

## PRAYER FOR RELIEF

BMC denies Clarke is entitled to the prayers for relief as BMC did not fail to accommodate the religious beliefs of Clarke or otherwise discriminate against her because of her respective religion.

## FIRST DEFENSE

The Complaint of the Plaintiff fails to state a claim against BMC upon which relief can be granted by this Court.

## SECOND DEFENSE

Plaintiff's claims for monetary damages are barred in whole or in part to the extent that Clarke failed to exercise reasonable diligence to mitigate her damages.

## THIRD DEFENSE

BMC asserts that Clarke was, at all material times, an at-will employee of Baystate Health, Inc. and, therefore, was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

**FOURTH DEFENSE**

The monetary and punitive damages sought by Plaintiff, if any, were proximately caused and occasioned by the acts and omissions of Clarke, said acts and omissions being the sole cause of their alleged damages. Therefore, BMC pleads the intervening acts and omissions of Clarke as a complete bar to Plaintiff's claims against BMC.

**FIFTH DEFENSE**

To the extent Plaintiff's claims are not the subject of timely filed charges of discrimination, Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies.

**SIXTH DEFENSE**

Even if religion was a factor in any alleged employment action, which it was not, and which BMC expressly denies, the same decision would have been made without regard to such factor.

**SEVENTH DEFENSE**

Plaintiff has asserted no facts which would support a claim for punitive damages under Title VII. Therefore, Plaintiff has failed to state a claim upon which relief can be granted under Title VII.

**EIGHTH DEFENSE**

Because discovery has not yet occurred in this action, BMC reserves the right to assert further defenses as appropriate.

**WHEREFORE**, having fully answered the allegations in Complaint of Plaintiff Equal Employment Opportunity Commission, BMC respectfully prays that:

1. Plaintiff have and recover nothing of BMC;

2. That Plaintiff not be afforded any other form of legal or equitable relief;

3. That the Court dismiss this action with prejudice;

4. That the costs of this action and BMC's reasonable attorneys' fees be taxed against Plaintiff as may be allowed by law; and

5. For such other and further relief as the Court deems just and proper.

**JURY DEMAND: THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

The Defendant
*Baystate Medical Center, Inc.*
By Their Attorneys
KEYES AND DONNELLAN, P.C.

Dated: September 16, 2016

/s/ Kevin C. Giordano, Esquire
Kevin C. Giordano, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
BBO: #547376

/s/ Kathleen E. Sheehan, Esquire
Kathleen E. Sheehan, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
BBO: #456910

CERTIFICATE OF SERVICE

      I, Kevin C. Giordano, Esquire of the law firm of Keyes and Donnellan, P.C., 293 Bridge Street, Springfield, Massachusetts 01103, hereby certify that the within-named document was served on all parties of record in this action by mailing a copy thereof, first-class, postage prepaid, on this 16th day of September, 2016 to the following:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Jeffrey Burstein
Regional Attorney

Raechel L. Adams
Supervisory Trial Attorney

Sara Smolik
Trial Attorney
Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA  02203-0506


                                              /s/ Kevin C. Giordano_____
                                              Kevin C. Giordano