UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:16-CV-30086 |
| v. | ) ) ) | ANSWER OF |
| BAYSTATE MEDICAL CENTER, INC. d/b/a BAYSTATE HEALTH | ) ) ) | BAYSTATE HEALTH, INC. TO AMENDED COMPLAINT |
| Defendant | ) | |

Defendant Baystate Health, Inc. answers the Complaint of Plaintiff Equal Employment Opportunity Commission ("EEOC") as follows:

To the extent that an answer is required to the Preamble to Plaintiff's Complaint, BH denies that it failed to accommodate the religious beliefs of Clarke or that it discriminated against her in any way because of her respective religion. BH further avers that a reasonable accommodation was made for Clarke's claimed religious beliefs. Further, BH denies any factual allegations contained in the Preamble to Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. BH admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited in paragraph 1. BH further admits that the EEOC is a federal governmental agency, that it is charged with the administration, interpretation and enforcement of Title VII and that it is authorized to institute civil actions subject to

the terms and provisions of that statute. Except as expressly admitted, BH denies the remaining allegations contained in paragraph 1.

2. BH denies that it committed any unlawful employment practices but admits that the actions complained of took place within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. BH admits the allegations contained in paragraph 3 as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

4. BH admits the allegations contained in paragraph 4.

5. BH admits the allegations contained in paragraph 5.

## ADMINISTRATIVE PROCEDURES

6. BH admits the allegations contained in paragraph 6 as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

7. BH admits that a Letter of Determination was sent and that the EEOC invited BH to conciliation. However, BH contends that the Letter of Determination speaks for itself and is the best evidence of its contents. Except as expressly admitted, BH denies the remaining allegations contained in paragraph 7.

8. BH admits that the EEOC offered it a conciliation proposal and stated that BH may

submit its written response to the proposal within 10 days of receipt of the correspondence dated April 6, 2016. BH denies the remaining allegations contained in paragraph 8 of the complaint.

9. BH admits the allegations contained in paragraph 9 as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

10. BH admits the allegations contained in paragraph 10 as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

11. BH avers that Paragraph 11 calls for a legal conclusion and therefore neither admits nor denies any of the statements, and therefore calls upon the plaintiff to prove same.

## STATEMENT OF CLAIMS

12. BH denies the allegations contained in paragraph 12. Further, as to each sub-paragraph lettered a – t, BH admits, denies and alleges as follows:

   a. BH admits the allegations contained in sub-paragraph (a) as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied. BH further states that employees who are immunized have a sticker placed on their badge.

   b. BH admits the allegations contained in sub-paragraph (b) as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied. BH states that employees who decline to be immunized must

wear a face mask in the appropriately designated manner while at work at BH Medical Center during the flu season.

c. BH admits that if employees choose not to comply with the policy either by becoming immunized or opting to wear a face mask, they are placed on administrative leave. It is further admitted that while on administrative leave, the employee's job is not protected and may need to be filled. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

d. BH admits the allegations contained in sub-paragraph (d) as they pertain to Baystate Health, Inc. BH states that Clarke worked in the Talent Acquisition Department as a Senior Talent Acquisition Consultant. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

e. BH neither admits nor denies the allegations contained in sub-paragraph (e) as "administrative services building" is not a formal designation. BH states that Clarke's principal office was located at 280 Chestnut Street in Springfield, Massachusetts. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

f. BH admits that Clarke was not required to have direct patient contact, however it is denied that the scope of expectations for the performance of her job did not encompass the need for Clarke to be present in areas where patients may be seen or encountered. Furthermore, Clarke would be present in areas where she would encounter individuals who are in direct contact with patients or direct contact with healthcare providers. To the extent that the allegations pertain to Baystate Medical Center, the allegations are

denied.

g. BH is without knowledge and/or information sufficient to form a belief as to the allegations as contained in sub-paragraph (f).

h. BH admits that in October, 2015, Clarke's supervisor reviewed the policy with her department on at least two separate occasions. It is denied that Clarke directly advised her supervisor that she did not intend to be vaccinated. BH avers her supervisor was copied on an email from Clarke to Employee Health Services that indicated she would decline the influenza vaccine. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

i. BH admits the allegations contained in sub-paragraph (i) as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

j. BH admits that on or about November 2, 2015, Clarke began wearing a mask. BH also admits that Clarke's supervisor "wrote her up" for failing to wear the mask correctly. BH denies the remaining allegations contained in sub-paragraph (j) and avers that it is not aware of any complaints by a third party about Clarke's use of a mask during conversations nor did Clarke's supervisors develop any concerns about Clarke's job performance related to utilizing a mask.

k. BH denies the allegations contained in sub-paragraph (k).

l. BH admits that Clarke claimed that she had received an isolated complaint from an individual that her voice was muffled during a telephone conversation. BH denies the

remaining allegations contained in sub-paragraph (l) and further avers that Clarke's initial concern that she voiced to her supervisor was that she felt uncomfortable explaining to individuals the reason for wearing a mask.

m. BH admits that on November 19, 2015 Clarke was placed on administrative leave in accordance with the BH policy given Clarke's choice not to be vaccinated or wear the mask as required. BH denies that Clarke was suspended and the remaining allegations contained in paragraph (m.) are denied.

n. BH neither admits nor denies the allegations contained in sub-paragraph (n) and states further that the communication referenced in sub-paragraph (n) speaks for itself. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

o. BH admits the allegations contained in sub-paragraph (o) as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied. On or about December 3, 2015, Clarke informed BH that she had been informed by the Senior Vice President of Human Resources that she could not return to work until she either received the flu vaccine or agreed to appropriately wear the mask at all times during flu season. BH further admits that Clarke stated that she would not agree to be vaccinated. BH denies the remaining allegations contained in sub-paragraph (o).

p. BH admits that on or about December 4, 2015, Clarke was notified that since her email indicated that Clarke was not in a position to comply with the flu policy, and Clarke had made a decision not to return to work. BH interpreted this to mean Clarke

was resigning from her position, effective immediately. BH further states that they advised Clarke that if its understanding was inaccurate, Clarke should contact her supervisor by 8:00 a.m. on December 8, 2015. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

q. BH admits the allegations contained in sub-paragraph (q) as they pertain to Baystate Health, Inc. In response to BH's December 4, 2015 email, Clarke again stated that candidates and other could not understand her when she spoke to them while wearing the mask. BH also admits that Clarke indicated that she would not be returning to her position. BH denies the remaining allegations contained in sub-paragraph (q). To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

r. BH admits the allegations contained in sub-paragraph (r) as they pertain to Baystate Health, Inc. To the extent that the allegations pertain to Baystate Medical Center, the allegations are denied.

s. BH denies the allegations contained in sub-paragraph (s).

t. BH denies the allegations contained in sub-paragraph (t).

13. BH denies the allegations contained in paragraph 13.

14. BH denies the allegations contained in paragraph 14.

15. BH denies the allegations contained in paragraph 15.

16. BH denies the allegations contained in paragraph 16.

**PRAYER FOR RELIEF**

BH denies Clarke is entitled to the prayers for relief as BH did not fail to accommodate the religious beliefs of Clarke or otherwise discriminate against her because of her respective religion. To the contrary, BH maintains that a reasonable accommodation was made for Ms. Clarke's claimed religious beliefs.

**FIRST DEFENSE**

The Complaint of the Plaintiff fails to state a claim against BH upon which relief can be granted by this Court.

**SECOND DEFENSE**

Plaintiff's claims for damages are barred in whole or in part to the extent that Clarke failed to exercise reasonable diligence to mitigate her damages.

**THIRD DEFENSE**

BH asserts that Clarke was, at all material times, an at-will employee of BH and, therefore, was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

**FOURTH DEFENSE**

Clarke consented (either expressly or implicitly) to any and all actions by BH, which are made the basis for Plaintiff's lawsuit, if any such actions are found to have taken place.

**FIFTH DEFENSE**

The damages sustained by Plaintiff, if any, were proximately caused and occasioned by the acts and omissions of Clarke, said acts and omissions being the sole cause of their alleged damages. Therefore, BH pleads the intervening acts and omissions of Clarke as a complete

bar to Plaintiff's claims against BH.

**SIXTH DEFENSE**

To the extent Plaintiff's claims are not the subject of timely filed charges of discrimination, Plaintiff's Title VII claims are barred for failure to exhaust administrative remedies.

**SEVENTH DEFENSE**

Any and all actions taken by BH affecting Clarke were taken for reasons other than their religious beliefs.

**EIGHTH DEFENSE**

BH terminated Clarke's employment based on legitimate business-related grounds, not related to her religious beliefs.

**NINTH DEFENSE**

Even if religion was a factor in any alleged employment action, which it was not, and which BH expressly denies, the same decision would have been made without regard to such factor.

**TENTH DEFENSE**

BH's decisions made as to the employment of Clarke were without consideration as to any protected category, but if it is determined that any protected category was a motivating factor in any decision, then BH asserts that it would have reached the same result, regardless of any protected category in which they may lie, based upon the facts and circumstances of the case.

**ELEVENTH DEFENSE**

Plaintiff has asserted no facts which would support a claim for punitive damages under Title VII. Therefore, Plaintiff has failed to state a claim upon which relief can be granted under Title VII.

## **TWELFTH DEFENSE**

Because discovery has not yet occurred in this action, BH reserves the right to assert further defenses as appropriate.

**WHEREFORE**, having fully answered the allegations in Complaint of Plaintiff Equal Employment Opportunity Commission, BH respectfully prays that:

1. Plaintiff have and recover nothing of BH;

2. That Plaintiff not be afforded any other form of legal or equitable relief;

3. That the Court dismiss this action with prejudice;

4. That the costs of this action and BH's reasonable attorneys' fees be taxed against Plaintiff as may be allowed by law; and

5. For such other and further relief as the Court deems just and proper.

**JURY DEMAND:   THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

The Defendants
*Baystate Health, Inc.*
By Their Attorneys
KEYES AND DONNELLAN, P.C.

Dated:   September 16, 2016

/s/ Kevin C. Giordano, Esquire
Kevin C. Giordano, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
BBO: #547376

/s/ Kathleen E. Sheehan, Esquire
Kathleen E. Sheehan, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
BBO: #456910

CERTIFICATE OF SERVICE

       I, Kevin C. Giordano, Esquire of the law firm of Keyes and Donnellan, P.C., 293 Bridge Street, Springfield, Massachusetts 01103, hereby certify that the within-named document was served on all parties of record in this action by mailing a copy thereof, first-class, postage prepaid, on this 16th day of September, 2016 to the following:

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Jeffrey Burstein
Regional Attorney

Raechel L. Adams
Supervisory Trial Attorney

Sara Smolik
Trial Attorney
Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA  02203-0506

                                          /s/ Kevin C. Giordano_____
                                          Kevin C. Giordano