## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EQUAL EMPLOYMENT** ) | |
| **OPPORTUNITY COMMISSION** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 3:16-CV-30086** |
| ) | |
| **BAYSTATE MEDICAL CENTER, INC.;** ) | |
| **BAYSTATE HEALTH, INC.** ) | |
| ) | |
| **Defendants** ) | |

### MOTION OF DEFENDANTS, BAYSTATE MEDICAL CENTER, INC. AND BAYSTATE HEALTH, INC., TO COMPEL PLAINTIFF TO PROVIDE FURTHER ANSWERS TO INTERROGATORIES

Now come Defendants, Baystate Medical Center, Inc. and Baystate Health, Inc., and hereby move, pursuant to Fed.R.Civ.P. 37(a) and LR 37.1(b), that the Court enter an order compelling Plaintiff to fully respond to Defendants' Interrogatories within 10 days of any order entered on this Motion.  As grounds therefor, Defendants state that Plaintiff has grossly over-objected to Defendants' Interrogatories, proffering an objection to almost every Interrogatory and failing to properly provide answers to the questions asked. (See Plaintiff's Answers to Baystate Health, Inc.'s Interrogatories, attached hereto as Exhibit A; Plaintiff's Answers to Baystate Medical Center, Inc.'s Interrogatories, attached hereto as Exhibit B; Plaintiff's Supplemented Answers to Baystate Health, Inc.'s Interrogatories, attached hereto as Exhibit C; Plaintiff's Supplemented Answers to Baystate Medical Center, Inc.'s Interrogatories, attached hereto as Exhibit D).  Defendants therefore seek to strike objections and obtain further answers to the following Interrogatories, for which incomplete answers have been received.

**BAYSTATE HEALTH INTERROGATORY NO. 3/**
**BAYSTATE MEDICAL CENTER INTERROGATORY NO. 2:**

Please state the specific denomination, sect, school, branch, group, party or other affiliation of Christianity of which Ms. Clarke has considered herself to be a member at any time since January 1, 2007 to the present and the dates of such affiliation.

**ORIGINAL ANSWER NO. 3/ANSWER NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, and assumes the truth of facts not proven or facts not in evidence.

Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke is an adherent of the Christian faith.

**SUPPLEMENTED ANSWER NO. 3/ANSWER NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, and assumes the truth of facts not proven or facts not in evidence.

Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke is an adherent of the Christian faith, and, although Ms. Clarke does not believe church attendance to be necessary to her religious beliefs and practices, she has occasionally attended services at Resurrection Life Christian Center Church International in Hartford, Connecticut.

**DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:**

It is a necessary element of Plaintiff's *prima facie* religious discrimination claim that Ms.

Clarke establish that her bona fide religious practice conflicts with an employment requirement.

See Cloutier v. Costco Wholesale Corp., 390 F.3d 126, 133 (1st Cir. 2004).  See also E.E.O.C. v.

Union Independiente de la Autoridad de Acueeductos y Alcantarillados de Puerto Rico, 279 F.3d

49, 55-56 (1st Cir. 2002) ("The requirement that the employee have a 'bona fide religious belief'

is an essential element of a religious accommodation claim.  Title VII does not mandate an

employer or labor organization to accommodate what amounts to a "purely personal

preference.").  "In order to satisfy this element, the plaintiff must demonstrate both that the belief

or practice is religious and that it is sincerely held." Union Independiente, 279 F.3d at 56.  This

Interrogatory seeks information regarding the specific religious affiliation of Ms. Clarke.  The

specifics of Ms. Clarke's religion are thus relevant and discoverable.

Further, Plaintiff's objections are not viable, as this particular Interrogatory is neither vague nor ambiguous, and does not assume the truth of facts not proven or facts not in evidence. Plaintiff's Amended Complaint states that Ms. Clarke "is an adherent of the Christian faith." (Plaintiff's Amended Complaint at ¶ 12(g)).  Christianity consist of various subgroups, including Roman Catholicism, Eastern Orthodoxy, and Protestantism.  This Interrogatory simply, and clearly, seeks information about which subgroup of Christianity Ms. Clarke is affiliated with, if she is in fact affiliated with such a subgroup of Christianity.  If Ms. Clarke does not consider herself to be a member of any such subgroup, Plaintiff can answer in this manner.  At this time, the Interrogatory remains unanswered.  As such, Defendants respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

### BAYSTATE HEALTH INTERROGATORY NO. 4/
### BAYSTATE MEDICAL CENTER INTERROGATORY NO. 5:

Please describe in complete detail each and every way in which Ms. Clarke adheres to her religious belief that "her body is her temple" including any associated practices, rituals, observances, as well as each and every substance she refrains from taking into her body.

### ORIGINAL ANSWER NO. 4/ANSWER NO. 5:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is not proportional to the needs of the case as it requests information unlimited in scope and not temporally focused to the claims and defenses in this case.

Subject to, and without waiving these objections, Plaintiff states that, in accordance with her religious beliefs, Ms. Clarke does not permit anything into her body against her will that might defile her body, including vaccines and medications.

### SUPPLEMENTED ANSWER NO. 4/ANSWER NO. 5:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is not proportional to the needs of the case as it requests information unlimited in scope and not temporally focused to the claims and defenses in this case.

Subject to, and without waiving these objections, Plaintiff states that, in accordance with her religious beliefs, Ms. Clarke does not permit anything into her body against her will that might defile her body, such as vaccines, oral contraceptives, and other medications.

**<u>DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE</u>:**

This Interrogatory seeks information regarding Ms. Clarke's religious beliefs and practices to better understand the scope of these beliefs and practices, which form the basis of Ms. Clarke's religious objection to taking the flu vaccine.  As stated above, to establish a bona fide religious belief or practice necessary for a religious discrimination claim, Plaintiff "must demonstrate both that the belief or practice is religious and that it is sincerely held." <u>Union Independiente</u>, 279 F.3d at 56.  As such, this particular Interrogatory seeks information fundamental to Plaintiff's claims and/or the defenses thereto, which is discoverable.

Plaintiff has begun to answer the Interrogatory, indicating that "Ms. Clarke does not permit anything into her body against her will that might defile her body."  However, to properly and fully answer the Interrogatory, including the specific portion of the Interrogatory that requests a list of "each and every substance [Ms. Clarke] refrains from taking into her body," Plaintiff must provide a complete list (rather than examples) of substances, or at least the specific criteria that Ms. Clarke utilizes to determine whether something might "defile her body."  This will allow Defendants to evaluate the nature of her beliefs and practices, and better prepare for and conduct a more meaningful deposition of Ms. Clarke. Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

**BAYSTATE HEALTH INTERROGATORY NO. 5/**
**BAYSTATE MEDICAL CENTER INTERROGATORY NO. 6:**

If Ms. Clarke acknowledges that there were occasions in which she did not comply with her religious observances, practices, rituals and that she did not refrain from taking substances into her body that she believed were objectionable due to religious reasons or otherwise violated her belief that "her body is her temple," please provide a full description of what she did to violate her religious observances, practices and/or rituals, the circumstances that existed at the time, and the full identification of any objectionable substance she allowed into her body as well as the reason for doing so.

**ORIGINAL ANSWER NO. 5/ANSWER NO. 6 (Not Supplemented):**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request is not proportional to the needs of the case as it requests information not temporally focused to the claims and defenses in this case. Moreover, this request as phrased is argumentative, ambiguous, and assumes the truth of facts not proven or facts not in evidence.

Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke lives in accordance with her religious beliefs.

**DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:**

This Interrogatory seeks information regarding Ms. Clarke's religious beliefs and practices to better understand the scope of these beliefs and practices, which form the basis of Ms. Clarke's religious objection to taking the flu vaccine. As stated above, to establish a bona fide religious belief or practice necessary for a religious discrimination claim, Plaintiff "must demonstrate both that the belief or practice is religious and that it is sincerely held." Union Independiente, 279 F.3d at 56. As such, this particular Interrogatory seeks information fundamental to Plaintiff's claims and/or the defenses thereto, which is discoverable.

It is unclear from Plaintiff's answer whether Ms. Clarke has ever failed to comply with her religious beliefs and practices, which is the information sought in the Interrogatory. Information regarding Ms. Clarke's failures to comply with her religious beliefs and practices will allow Defendants to evaluate whether such beliefs and practices are bona fide. Defendants respectfully request that this Court strike the objections proffered by Plaintiff and require

Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

## BAYSTATE HEALTH INTERROGATORY NO. 6:

Please identify each and every individual known to Ms. Clarke and/or the EEOC who either is known or believed to have observed Ms. Clarke's past adherence to the belief that "her body is her temple" including:

      a.  The name, address and telephone number of each individual;

      b.  What said individual is known or believed to have observed.

## ORIGINAL ANSWER NO. 6 (Not Supplemented):

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is not proportional to the needs of the case as it requests information unlimited in scope and not temporally focused to the claims and defenses in this case.  Plaintiff does not intend to use any such witnesses to support its claims.  Such a request places an unnecessary burden on Plaintiff to search for materials that are irrelevant to this litigation.  Plaintiff also objects to this request to the extent that it also seeks information protected under the Attorney Client Privilege and the Government Deliberative Process Privilege.

## DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:

This Interrogatory seeks information regarding witnesses to Ms. Clarke's religious beliefs and practices to better understand the scope of these beliefs and practices, which form the basis of Ms. Clarke's religious objection to taking the flu vaccine.  As stated above, to establish a bona fide religious belief or practice necessary for a religious discrimination claim, Plaintiff "must demonstrate both that the belief or practice is religious and that it is sincerely held." Union Independiente, 279 F.3d at 56.  As such, this particular Interrogatory seeks information fundamental to Plaintiff's claims and/or the defenses thereto, which is discoverable.  Plaintiff's other specific objections are also not viable.  Ms. Clarke formed her religious beliefs in question in 2007 (Plaintiff's Amended Complaint at ¶ 12(g)), thereby creating a temporal limitation.  The fact that Plaintiff may not use any such witnesses to support its claim does not mean that the identity of these witnesses is not relevant to the defense of this case. There are also no viable

privilege claims to a request to identify relevant witnesses.

Witnesses to Ms. Clarke's religious beliefs or practices are unquestionably relevant to allow Defendants to evaluate the nature of these beliefs and practices and whether such beliefs and practices are bona fide. This information will also allow Defendants to determine the need to obtain information from third parties. Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

## BAYSTATE HEALTH INTERROGATORY NO. 7:

Please identify each physician, clinic, hospital, or health care provider including any occupational or employer related practitioner that saw, examined and/or treated Ms. Clarke in any manner from the date that she first claims to have formed the religious belief that "her body is her temple" to the present, including in your response the name of such provider, the address at which Ms. Clarke was seen, examined, and/or treated and the dates that she attended any visit(s) with the provider.

## ORIGINAL ANSWER NO. 7 (Not Supplemented):

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. Specifically, it requests information unlimited in scope and not temporally focused to the claims and defenses in this case. Plaintiff also objects to this request on the grounds that it seeks information subject to the psychotherapist-patient privilege or doctor-patient privilege.

## DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:

The "objectionable" substance in this case (flu vaccine), as well as the "objectionable" substances cited by Plaintiff as examples of substances which Ms. Clarke believes may "defile her body" (vaccines, oral contraceptives, and other medications), are all medical in nature. This Interrogatory seeks information regarding Ms. Clarke's medical care and treatment during the time she has held her religious beliefs and practices, since it is likely that Ms. Clarke's religious objections to such substances, or her failure to raise such objections, would be contained in her medical records. As stated above, to establish a bona fide religious belief or practice necessary

for a religious discrimination claim, Plaintiff "must demonstrate both that the belief or practice is religious and that it is sincerely held." Union Independiente, 279 F.3d at 56. As such, this particular interrogatory seeks information fundamental to Plaintiff's claims and/or the defenses thereto, which is discoverable.  Plaintiff's other specific objections are not viable, given that Ms. Clarke formed her religious belief in question in 2007 (Plaintiff's Amended Complaint at ¶ 12(g)), thereby creating a temporal limitation, and she put her medical care and treatment at issue in this case, allowing for discovery of her medical information.

Documented evidence of Ms. Clarke's adherence, or failure(s) to adhere, to her religious beliefs or practices are unquestionably relevant to allow Defendants to evaluate the nature of her beliefs and practices and whether such beliefs and practices are bona fide.  Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

## BAYSTATE HEALTH INTERROGATORY NO. 11/
## BAYSTATE MEDICAL CENTER INTERROGATORY NO. 9:

Please identify each and every individual who spoke to Stephanie Clarke either over the telephone or in person and complained to her that they could not understand her while she was wearing a mask as alleged in Paragraph 12(j) of the Plaintiff's Complaint and describe the conversation in full and complete detail including the date of each and every conversation; whether such individual was an applicant, reference, manager or someone else; the manner in which the conversation was being held (e.g. in person, by telephonically); and the complete substance of the conversation.

## ORIGINAL ANSWER NO. 11/ANSWER NO. 9:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. This request seeks information about conversations, the substance of which does not concern the claims in this case. Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees. Lastly, this request is unduly burdensome on Plaintiff.

Subject to, and without waiving these objections, Plaintiff states that at least one applicant complained to Ms. Clarke that the applicant could not understand Ms. Clarke while she was talking and wearing the mask. Several colleagues also indicated to Ms. Clarke that they could not understand Ms. Clarke while she was talking and wearing the mask.

## SUPPLEMENTED ANSWER NO. 11/ANSWER NO. 9:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. This request seeks information about conversations, the substance of which does not concern the claims in this case. Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees. Lastly, this request is unduly burdensome on Plaintiff.

Subject to, and without waiving these objections, Plaintiff states that at least one applicant complained to Ms. Clarke that the applicant could not understand Ms. Clarke while she was talking and wearing the mask. Several colleagues also indicated to Ms. Clarke that they could not understand Ms. Clarke while she was talking and wearing the mask, such as Katlyn Keenan, Qiana Martin, and Donna Novak.

## DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:

The Interrogatory requests identification of conversations where an individual complained to Ms. Clarke that he or she could not understand Ms. Clarke because Ms. Clarke was wearing a mask. Specifically, this Interrogatory seeks, for each such conversation, the date of the conversation, the identity of the other participant (s), the manner in which the conversation was held and the substance of the conversation. Given Plaintiff's position that wearing a mask "was not an effective or reasonable accommodation" to Baystate's policy for someone in Ms. Clarke's position due to difficulties with communication (Plaintiff's Amended Complaint at ¶ 12(s)),[1] these details will allow Defendants to evaluate the specific issues that Plaintiff contends makes the accommodation improper, as well as identify witnesses who may have knowledge of

---

[1]    In contrast, Defendants contend that wearing a mask is a method of complying with the policy which is specifically set forth in the policy. As such, given that Ms. Clarke has no religious objection to wearing a mask, there is no conflict between her religious beliefs or practices and the Baystate policy. See Cloutier, 390 F.3d at 131 (to establish a *prima facie* case of Title VII religious discrimination, a plaintiff must show, *inter alia*, that "a bona fide religious practice conflicted with an employment requirement").

these issues.  As such, this particular Interrogatory seeks information fundamental to Plaintiff's claims and/or the defenses thereto, which is discoverable.  Further, this Interrogatory is inherently limited by the fact that, to the extent that these conversations exist, they took place over a period of less than three weeks in November, 2015.  Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and, to the extent that Plaintiff has failed to provide the full information requested or to indicate that the information is unknown, require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

## BAYSTATE HEALTH INTERROGATORY NO. 13:

Please provide all facts and information that is used to formulate the basis of the EEOC's claim that the vaccination policy that formulates the basis for this complaint was not done as implemented by Baystate with a bona fide objective, but instead was done with malice or with reckless indifference to Clarke's protected rights.

## ORIGINAL ANSWER NO. 13 (Not Supplemented):

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request is argumentative and misstates Plaintiff's claims in this case.

## DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:

This Interrogatory seeks to understand the scope and basis of Plaintiff's claims, which is a proper line of inquiry pursuant to Fed. R. Civ. P. 26.  Plaintiff's primary complaint during telephone discussions regarding this Interrogatory was that the Interrogatory does not properly state its claims.  Baystate Health explained their intent behind this interrogatory, and offered to substitute the following revised Interrogatory to resolve Plaintiff's complaint:

*If the EEOC contends that the vaccination policy that formulates the basis for the complaint:*

    a. *was not implemented by Baystate with a bona fide objective on the date of promulgation, please provide all facts and information that is used to formulate the basis of this contention.*

      b.  *was applied to Ms. Clarke with malice or with reckless indifference, please provide all facts and information that is used to formulate the basis of this contention.*

Plaintiff has refused to answer the original Interrogatory, and has refused to answer the substitute Interrogatory.  Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer the substitute Interrogatory (which addresses Plaintiff's alleged issues) within 10 days of any order entered on this Motion.

### BAYSTATE HEALTH INTERROGATORY NO. 15:

If it is claimed that the Defendant Baystate Health's Immunization Policy that allowed for Ms. Clarke to wear a mask as an alternative to having a flu shot did not fully eliminate any conflict between Ms. Clarke's religious practice and her employment requirements, please detail the manner in which her religious freedom was not fully accommodated.

### ORIGINAL ANSWER NO. 15:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  Specifically, this request is argumentative, and mischaracterizes Plaintiff's claims in this case and Defendants' legal obligations to provide Ms. Clarke with a religious accommodation.

### SUPPLEMENTED ANSWER NO. 15:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  Specifically, this request is argumentative, and mischaracterizes Plaintiff's claims in this case and Defendants' legal obligations to provide Ms. Clarke with a religious accommodation.

Subject to, and without waiving these objections, Plaintiff states that the mask Defendants required Ms. Clarke to wear did not constitute a religious accommodation.

### DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:

      A necessary element of Plaintiff's religious discrimination claim is that Ms. Clarke's bona fide religious practice ***conflict*** with Baystate's facially neutral employment policy. See Abercrombie. 135 S.Ct. at 2032, n. 2 ("If [an employer] is willing to 'accommodate'—which means nothing more than allowing the plaintiff to engage in her religious practice despite the employer's normal rules to the contrary—adverse action "because of" the religious practice is not shown"); Cloutier, 390 F.3d at 133 ("First, the plaintiff must make her *prima facie* case that a

bona fide religious practice conflicts with an employment requirement and was the reason for the adverse employment action."); <u>Union Independiente</u>, 279 F.3d at 55 (same).  If no conflict exists, no accommodation is required.  <u>See</u> <u>Abercrombie</u>, 135 S.Ct. 2034 ("Title VII does not demand mere neutrality with regard to religious practices—that they be treated no worse than other practices. . . .  Title VII requires otherwise-neutral policies to give way to the need for an accommodation.").  This Interrogatory seeks Plaintiff's position on this fundamental issue. Plaintiff's objections are thus not proper, and its vague answer is not responsive.  Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion, specifically stating whether Plaintiff contends that there is a conflict between Baystate's policy allowing a mask to be worn and Ms. Clarke's alleged religious practice, and if so, setting forth the details of such conflict.

## BAYSTATE HEALTH INTERROGATORY NO. 16/
## BAYSTATE MEDICAL CENTER INTERROGATORY NO. 11:[2]

If any individual whom Ms. Clarke perceived as having supervisory responsibilities over her, told Ms. Clarke that they had concerns that wearing the mask significantly interfered with Clarke's ability to perform the essential functions of her job and/or that she was not adequately performing any of the functions of her job due to the fact that she was wearing a mask, please identify each individual who expressed that concern as well as the date and substance of the conversation.

## ORIGINAL ANSWER NO. 16/ANSWER NO. 11:

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request is argumentative, assumes the truth of facts not proven or facts not in evidence, and mischaracterizes Plaintiff's claims. Moreover, Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees.

---

[2]     Baystate Medical Center Interrogatory No. 11 has additional language in the interrogatory noting that Ms. Clarke was employed by Baystate Medical Center, Inc.  If Plaintiff concedes that Ms. Clarke was not employed by Baystate Medical Center, Inc. (see discussion at pp. 3-4, *supra*), Baystate Medical Center Interrogatory No. 11 becomes moot.

**SUPPLEMENTAL ANSWER NO. 16/ANSWER NO. 11:**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request is argumentative, assumes the truth of facts not proven or facts not in evidence, and mischaracterizes Plaintiff's claims. Moreover, Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees.

Subject to, and without waiving these objections, Plaintiff states Ms. Clarke informed individuals who were her supervisor, manager, or superior of how wearing a mask impacted her ability to perform her job duties, including Shannon Levesque, Paula Squires, and Michele A. Talka; and Dr. Mark Keroack.

**DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:**

This Interrogatory seeks information regarding individuals with supervisory responsibilities over Ms. Clarke who expressed concerns to Ms. Clarke regarding Ms. Clarke's job performance due to Ms. Clarke's wearing a mask. Plaintiff claims that wearing a mask "was not an effective or reasonable accommodation" to Baystate's policy for someone in Ms. Clarke's position due to difficulties with communication. (Plaintiff's Amended Complaint at ¶ 12(s)). It is therefore expected that an issue in the case will be whether or not Ms. Clarke could effectively perform her job while wearing a mask. Because of that, whether any supervisors communicated to Ms. Clarke that her job performance was impacted while wearing the mask is relevant. Plaintiff has not answered the question asked. Instead, Plaintiff has responded with information regarding occasions ___*she*___ expressed ___*her*___ concerns about her job performance due to wearing a mask to a variety of individuals. Defendants therefore respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

**BAYSTATE MEDICAL CENTER INTERROGATORY NO. 3:**

Please describe each and every fact and/or circumstance that the EEOC relies upon to allege that the Defendant, Baystate Medical Center, Inc., was the employer for Stephanie Clarke at the time that she alleges that she was discriminated against due to her inability to exercise her religious freedom.

13

**ORIGINAL ANSWER NO. 3 (Not Supplemented):**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information about the legal relationship between Ms. Clarke and Defendant Baystate Medical Center, Inc. that is already in the possession, custody, or control of Defendants.

Subject to, and without waiving this objection, Plaintiff directs Defendants to Plaintiff's Amended Complaint at paragraphs 12–16.

**DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:**

This particular interrogatory is not objectionable.  This is a claim for unfair employment practices against Defendants.  Baystate Health, Inc. has admitted that Ms. Clarke was an employee of Baystate Health, Inc., while Baystate Medical Center, Inc. has denied that Ms. Clarke was its employee.  It is clear from all available information that Ms. Clarke was not employed by Baystate Medical Center, Inc.  As such, Defendants are attempting through this Interrogatory to determine a factual basis for Plaintiff continuing to maintain a claim against Baystate Medical Center, Inc.  Referring to the general allegations in Plaintiff's Amended Complaint, which in no way distinguish between Defendants, does not satisfy this request. Given the fundamental nature of this information, and the desire to move this matter towards resolution by removing unnecessary parties, Defendants respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

**BAYSTATE MEDICAL CENTER INTERROGATORY NO. 4:**

Please describe each and every way in which it is claimed that the Defendant, Baystate Medical Center, Inc., separate and apart from the Defendant, Baystate Health, Inc., engaged in unlawful employment practices by discriminating against Stephanie Clarke's and preventing her from having the ability to exercise her religious freedom.

**ORIGINAL ANSWER NO. 4 (Not Supplemented):**

Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request as phrased is argumentative, ambiguous, and assumes the truth of facts not proven or facts not in evidence.  This request seeks

14

information about the legal relationship between Ms. Clarke and Defendant Baystate Medical Center, Inc. during the relevant time period that is already in the possession, custody, or control of Defendants.

Subject to, and without waiving this objection, Plaintiff directs Defendants to Plaintiff's Amended Complaint at paragraphs 12–16.

## DEFENDANTS' ARGUMENT IN FAVOR OF FURTHER RESPONSE:

This particular interrogatory is not objectionable. This is a claim for unfair employment practices against Defendants. Baystate Health, Inc. has admitted that Ms. Clarke was an employee of Baystate Health, Inc., while Baystate Medical Center, Inc. has denied that Ms. Clarke was its employee. It is clear from all available information that Ms. Clarke was not employed by Baystate Medical Center, Inc. As such, Defendants are attempting through this Interrogatory to determine a factual basis for Plaintiff continuing to maintain a claim against Baystate Medical Center, Inc. Referring to the general allegations in Plaintiff's Amended Complaint which in no way distinguish between Defendants, does not satisfy this request. Given the fundamental nature of this information, and the desire to move this matter towards resolution by removing unnecessary parties, Defendants respectfully request that this Court strike the objections proffered by Plaintiff and require Plaintiff to properly answer this Interrogatory within 10 days of any order entered on this Motion.

## CONCLUSION

WHEREFORE, Defendants, Baystate Medical Center, Inc. and Baystate Health, Inc., for the above stated reasons, respectfully request that this Honorable Court GRANT their Motion to Compel, strike the objections proffered by Plaintiff to the above Interrogatories and order that Plaintiff properly answer the above Interrogatories within 10 days of entry of said order.

Respectfully submitted,

For Defendants

/s/ Kevin C. Giordano
Kevin C. Giordano, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
Email: kgiordano@keyesanddonnellan.com

/s/ Kathleen E. Sheehan
Kathleen E. Sheehan, Esquire
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
(413) 739-3502 Fax
Email:ksheehan@keyesanddonnellan.com

## **CERTIFICATE OF SERVICE**

I, Michael B. Doherty, counsel for Defendants, hereby certify that on August 11, 2017, I

served a copy of this document on all counsel of record via the Court's ECF notification system.

/s/ Michael B. Doherty
Michael B. Doherty