# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BAYSTATE MEDICAL CENTER, INC.; BAYSTATE HEALTH, INC., | ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO. 3:16-cv-30086

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT BAYSTATE HEALTH, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff Equal Employment Opportunity Commission (EEOC) hereby responds and objects to Defendant Baystate Health, Inc.'s First Set of Interrogatories.  Plaintiff's responses here are based upon the information currently available.  Plaintiff reserves the right to supplement its discovery responses pursuant to Federal Rule of Civil Procedure 26(e).

## GENERAL OBJECTIONS

1.      Plaintiff objects to Defendant Baystate Health, Inc.'s interrogatories to the extent that they purport to impose obligations beyond those imposed or permitted by the Federal Rules of Civil Procedure, the Local Rules of the District of Massachusetts, or applicable court orders.

2.      Plaintiff objects to the interrogatories to the extent that they seek disclosure of information protected by the attorney client privilege, the attorney work product doctrine, the governmental deliberative process privilege, or any other applicable privilege, immunity, statute, regulation, rule, or court order.

1

3.      Plaintiff's response to any interrogatory shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence.

4.      Plaintiff objects to the interrogatories to the extent that they seek information that was previously provided by Plaintiff to Defendant Baystate Health, Inc. in the context of this lawsuit as such requests are unduly burdensome and duplicative.

5.      Plaintiff objects to the interrogatories to the extent that they seek information already in the possession, custody, or control of Defendants, and to the extent they seek publicly available documents that are at least as readily available to Defendant as they are to Plaintiff.

6.      Plaintiff objects to the interrogatories to the extent they seek the disclosure of confidential or private information.

7.      Plaintiff objects to the interrogatories to the extent they are vague, ambiguous, confusing, or incomprehensible.

8.      Plaintiff objects to the interrogatories to the extent they are unlimited in temporal scope.

9.      Plaintiff objects to the interrogatories to the extent that they (a) call for speculation, conjecture, opinion, or legal conclusion; (b) assume the truth of facts not proven or facts not in evidence; or (c) characterize facts, circumstances, claims or defenses underlying this lawsuit.  By making these responses, Plaintiff does not concede the accuracy of any assertions, implications, or suppositions underlying the interrogatories or any papers filed by Defendant Baystate Health, Inc. in this lawsuit.

### INTERROGATORIES

1.      Please provide Stephanie Clarke's educational background, including the name and address of any high school, technical schools or training programs that she attended; the name and address of any all colleges and universities she attended; the major course(s)  taken at such

2

schools, colleges or training programs; any awards received in recognition of her competence in any field; the dates of attendance at such schools, colleges or training programs; and all degrees, licenses, diplomas and/or certificates received and the date received.

**Answer:** Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. Specifically, it requests information not temporally focused to the claims and defenses in this case and not concerning any party's claim or defense.  This request is also duplicative as it seeks information previously provided to Defendants in Plaintiff's Initial Disclosures.  *See* EEOC00157–158.

Subject to, and without waiving these objections, Plaintiff directs Defendants to the non-privileged documents produced in response to Defendant Baystate Health, Inc.'s Request Number 1 for Production of Documents.

2.  State the name and address of each and every person with whom Ms. Clarke has been employed in any manner (including self-employment) or for whom she has performed any services for payment of any kind at any time from January 2, 2000 through the present, other than employment at Baystate Health, Inc., and state the dates of employment or performance of services with each and the job title(s) held with each such job or service.

**Answer:** Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information that is not relevant to any party's claim or defense, and not proportional to the needs of the case as it requests information unlimited in scope and not temporally focused to the claims and

defenses in this case.  For example, this request seeks information dating back fourteen years

before Ms. Clarke's employment with Defendants, and fifteen years before Defendants

terminated her employment.  This request is also duplicative as it seeks information previously

provided to Defendants in Plaintiff's Initial Disclosures.  *See* EEOC00157–158.

      Subject to, and without waiving these objections, Plaintiff directs Defendants to the non-

privileged documents produced in response to Defendant Baystate Health, Inc.'s Request

Number 1 for Production of Documents.


3.      Please state the specific denomination, sect, school, branch, group, party or other

affiliation of Christianity of which Ms. Clarke has considered herself to be a member at any time

since January 1, 2007 to the present and the dates of such affiliation.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, and

assumes the truth of facts not proven or facts not in evidence.

      Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke is an

adherent of the Christian faith.


4.      Please describe in complete detail each and every way in which Ms. Clarke adheres to her

religious belief that "her body is her temple" including any associated practices, rituals,

observances, as well as each and every substance she refrains from taking into her body.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of

discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is not proportional to

the needs of the case as it requests information unlimited in scope and not temporally focused to

the claims and defenses in this case.

4

Subject to, and without waiving these objections, Plaintiff states that, in accordance with her religious beliefs, Ms. Clarke does not permit anything into her body against her will that might defile her body, including vaccines and medications.

5.      If Ms. Clarke acknowledges that there were occasions in which she did not comply with her religious observances, practices, rituals and that she did not refrain from taking substances into her body that she believed were objectionable due to religious reasons or otherwise violated her belief that "her body is her temple", please provide a full description of what she did to violate her religious observances, practices and/or rituals, the circumstances that existed at the time, and the full identification of any objectionable substance she allowed into her body as well as the reason for doing so.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is not proportional to the needs of the case as it requests information not temporally focused to the claims and defenses in this case.  Moreover, this request as phrased is argumentative, ambiguous, and assumes the truth of facts not proven or facts not in evidence.

Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke lives in accordance with her religious beliefs.

6.      Please identify each and every individual known to Ms. Clarke and/or the EEOC who either is known or believed to have observed Ms. Clarke's past adherence to the belief that "her body is her temple" including:

a.      The name, address and telephone number of each individual;

b.      What said individual is known or believed to have observed.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is not proportional to the needs of the case as it requests information unlimited in scope and not temporally focused to the claims and defenses in this case.  Plaintiff does not intend to use any such witnesses to support its claims.  Such a request places an unnecessary burden on Plaintiff to search for materials that are irrelevant to this litigation.  Plaintiff also objects to this request to the extent that it also seeks information protected under the Attorney Client Privilege and the Government Deliberative Process Privilege.

7.      Please identify each physician, clinic, hospital, or health care provider including any occupational or employer related practitioner that saw, examined and/or treated Ms. Clarke in any manner from the date that she first claims to have formed the religious belief that "her body is her temple" to the present, including in your response the name of such provider, the address at which Ms. Clarke was seen, examined, and/or treated and the dates that she attended any visit(s) with the provider.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case.  Specifically, it requests information unlimited in scope and not temporally focused to the claims and defenses in this case.  Plaintiff also objects to this request on the grounds that it seeks information subject to the psychotherapist-patient privilege or doctor-patient privilege.

8.      Please describe each and every way in which it is claimed that the Defendant, Baystate Health, Inc., engaged in unlawful employment practices by discriminating against Stephanie Clarke's ability to exercise her religious freedom.

**Answer:**  Plaintiff directs Defendants to Plaintiff's Amended Complaint at paragraphs 12–16.


9.      Please describe fully and in complete detail, each and every way that Ms. Clarke's ability to perform her job was impacted or compromised by the requirement that she wear a mask.

**Answer:**  Plaintiff states that Defendants' requirement that Ms. Clarke wear a mask at all times during flu season impacted her ability to orally communicate with others, including in person or on the telephone, while she was at work.


10.      Please identify each and every individual who is believed or known to possess factual knowledge of Ms. Clarke's inability to adequately perform any duties of her job while wearing a mask or who may have perceived any difficulties she may have had and provide a detailed summary of information they are believed to possess.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case as it requests information unlimited in scope.  Moreover, Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees.

Subject to, and without waiving these objections, Plaintiff states that those individuals who do or may possess knowledge of Ms. Clarke's inability to perform her job duties while

wearing the mask required by Defendants include: those employees who also worked in Defendants' Talent Acquisition Department; Ms. Clarke's former managers and supervisors in Defendants' Human Resources Department, and Dr. Mark Keroack.

11. Please identify each and every individual who spoke to Stephanie Clarke either over the telephone or in person and complained to her that they could not understand her while she was wearing a mask as alleged in Paragraph 12(j) of the Plaintiff's Complaint and describe the conversation in full and complete detail including the date of each and every conversation; whether such individual was an applicant, reference, manager or someone else; the manner in which the conversation was being held (e.g. in person, by telephonically); and the complete substance of the conversation.

**Answer:** Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b). This request seeks information that is not relevant to any party's claim or defense, and is not proportional to the needs of the case. This request seeks information about conversations, the substance of which does not concern the claims in this case. Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees. Lastly, this request is unduly burdensome on Plaintiff.

Subject to, and without waiving these objections, Plaintiff states that at least one applicant complained to Ms. Clarke that the applicant could not understand Ms. Clarke while she was talking and wearing the mask. Several colleagues also indicated to Ms. Clarke that they could not understand Ms. Clarke while she was talking and wearing the mask.

12.     For each and every occasion that Ms. Clarke acknowledges that she did not wear the

mask in a manner that complied with the Defendant's policy, please describe each such

circumstance and all reasons she used to formulate her decision not to comply with the policy.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of

discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information

that is not relevant to any party's claim or defense, and is not proportional to the needs of the

case as it requests information unlimited in scope and requests information about numerous daily

conversations over the course of several weeks in 2015.  Plaintiff also objects to this

interrogatory on the grounds that it is ambiguous and argumentative.

        Subject to, and without waiving these objections, Plaintiff states Ms. Clarke would pull

the mask, which was required by Defendants, down below her mouth when she was talking to

others at work, whether in person or on the telephone.  Ms. Clarke would move the mask away

from her mouth in this manner in order to allow her to effectively communicate with others

while at work.


13.     Please provide all facts and information that is used to formulate the basis of the EEOC's

claim that the vaccination policy that formulates the basis for this complaint was not done as

implemented by Baystate with a bona fide objective, but instead was done with malice or with

reckless indifference to Clarke's protected rights.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of

discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is argumentative and

misstates Plaintiff's claims in this case.

14.    As to each person whom you expect to call as an expert witness at trial, kindly state:

      a.    the name and address of said expert witness;

      b.    the qualifications of said expert witness;

      c.    the subject matter on which said expert witness is expected to testify; and

      d.    the substance of the facts and opinions to which said witness is expected to

           testify, and a summary of the grounds for each opinion.

**Answer:**  Plaintiff objects to this interrogatory to the extent that it exceeds the scope of

discovery permitted by Federal Rules of Civil Procedure 26(b), specifically 26(b)(4).  This

request is also premature because the Scheduling Order prescribes that the time for expert

disclosure is October 15, 2017.

15.    If it is claimed that the Defendant Baystate Health's Immunization Policy that allowed for

Ms. Clarke to wear a mask as an alternative to having a flu shot did not fully eliminate any

conflict between Ms. Clarke's religious practice and her employment requirements, please detail

the manner in which her religious freedom was not fully accommodated.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of

discovery permitted by Federal Rule of Civil Procedure 26(b).  Specifically, this request is

argumentative, and mischaracterizes Plaintiff's claims in this case and Defendants' legal

obligations to provide Ms. Clarke with a religious accommodation.

16.    If any individual whom Ms. Clarke perceived as having supervisory responsibilities over

her, told Ms. Clarke that they had concerns that wearing the mask significantly interfered with

Clarke's ability to perform the essential functions of her job and/or that she was not adequately

performing any of the functions of her job due to the fact that she was wearing a mask, please identify each individual who expressed that concern as well as the date and substance of the conversation.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request is argumentative, assumes the truth of facts not proven or facts not in evidence, and mischaracterizes Plaintiff's claims.  Moreover, Plaintiff objects to this request on the grounds that the information sought is equally available to the requesting party, because it requests information concerning its employees.


17.     Please describe and identify all actions, efforts and/or activities that Ms. Clarke undertook in order to seek or obtain employment following her alleged termination from Defendant Baystate Health, Inc., including identification by name and address of any prospective employer to which she sought employment, each job in which she completed and filed an application for employment or sent correspondence requesting consideration, as well as any search firm or "headhunter" she utilized to gain employment.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26(b).  This request duplicative as it seeks information previously provided to Defendants in Plaintiff's Initial Disclosures.  *See* EEOC00159–177.

Subject to, and without waiving these objections, Plaintiff states that following Defendants' termination of Ms. Clarke's employment, Ms. Clarke mitigated her damages. Plaintiff directs Defendants documents produced in response to Defendant Baystate Health,

11

Inc.'s Request Number 9 for Production of Documents.

18.     If Ms. Clarke received unemployment compensation at any time following her alleged

termination from Defendant Baystate Health, Inc., please provide the name and address of the

office in which she applied for such benefits, the exact amount of each check or payment that she

received, and the duration for which she received unemployment compensation benefits.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it exceeds the scope of

discovery permitted by Federal Rule of Civil Procedure 26(b).  This request seeks information

that is not relevant to any party's claim or defense.

        Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke did not

receive unemployment compensation following her termination from Defendants.


19.     Please describe in full and complete detail any and all physical injuries, ailments and/or

pains that Ms. Clarke claims she suffered as a result of the incident(s) as alleged in the complaint

including for each such physical injury, ailment and/or pain the identify of each physical or

medical professional that was consulted or provided treatment as well as the nature of the

treatment that was provided for the alleged injury.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, and

assumes the truth of facts not proven or facts not in evidence.  Plaintiff also objects to the extent

this request seeks information subject to the psychotherapist-patient privilege or doctor-patient

privilege.

        Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke has

suffered from emotional pain, suffering, inconvenience, loss of enjoyment of life, and

humiliation due to Defendants' discriminatory actions against her.  Ms. Clarke was never diagnosed with any physical injuries, ailments, and/or pains due to Defendants' discriminatory actions against her.  Nor did she seek treatment for such injuries.

20.     Please describe, fully and in complete detail any mental, emotional, psychological, psychiatric or other non-physical injury, ailment or malady that Ms. Clarke claims she suffered as a result of the incident(s) as alleged in the complaint including the nature of her injury, and identify any provider, person or facility from which she sought treatment together with the date(s) on which she sought care or treatment.

**Answer:**  Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, and assumes the truth of facts not proven or facts not in evidence.  Plaintiff also objects to the extent this request seeks information subject to the psychotherapist-patient privilege or doctor-patient privilege.

Subject to, and without waiving these objections, Plaintiff states that Ms. Clarke has suffered from emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation due to Defendants' discriminatory actions against her.  Ms. Clarke was never diagnosed with any mental, emotional, psychological, psychiatric, or other "non-physical" injury due to Defendants' discriminatory actions against her.  Nor did she seek treatment for any such injuries.

21.     Please describe in full and complete detail any and all economic damages you claim to have suffered and /or experienced as a result of the alleged incident(s) referred to in your complaint; including any claims of lost wages and/or lost overtime pay, the time period or

13

periods during which you were unable to work and/or missed the opportunity to work overtime shifts; the date(s), location, time(s); and amount that you claim to have lost in wages and/or overtime.

**Answer:** Plaintiff directs Defendants to Plaintiff's Initial Disclosures at 4, Section III.


22.     Please itemize all expenses and financial loss suffered by Ms. Clarke, or incurred on her behalf, as a result of the incident(s) as alleged in the complaint, including a complete calculation as to how each expense or financial loss was determined. For each such expense or loss, please indicate whether payment has been made by Ms. Clarke, or was been made on her behalf, by any third party source whatsoever, including a family member, an acquaintance, an insurance company or a workers' compensation carrier, and the amount of such payment.

**Answer:** Plaintiff objects to this interrogatory on the grounds that it is ambiguous and duplicative of Interrogatory Number 21 above.

        Subject to, and without waiving these objections, Plaintiff directs Defendants to Plaintiff's Initial Disclosures at 4, Section III.

## <u>VERIFICATION</u>

I, Katie Linehan, state the following:

1.      I am a trial attorney on the staff of EEOC.

2.      Relying on information obtained from the pre-litigation investigative file, publicly available information, witness interviews, and interviews with EEOC staff, I prepared Plaintiff's May 24, 2016 Objections and Responses to Defendant Baystate Health, Inc.'s First Set of Interrogatories.

3.      To the best of my knowledge, information, and belief, I certify that these answers are true and correct.


                                          s/ Katie N. Linehan
                                         Katie N. Linehan

Dated:  May 24, 2017

                                         Respectfully submitted,

                                          /s/ Katie N. Linehan
                                         Katie N. Linehan
                                         Trial Attorney
                                         EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
                                         Boston Area Office
                                         John F. Kennedy Federal Building
                                         Room 475
                                         Boston, MA 02203
                                         Tel:  617-565-2141
                                         Fax:  617-565-3196
                                         katie.linehan@eeoc.gov

                                         Raechel L. Adams
                                         Supervisory Trial Attorney
                                         EQUAL EMPLOYMENT
                                         OPPORTUNITY COMMISSION
                                         New York District Office
                                         33 Whitehall Street, 5th Floor

New York, NY 10004
Tel:  212-336-3707
Fax:  212-336-3623
raechel.adams@eeoc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2017, I caused a true and correct copy of the foregoing document to be served by electronic mail on the following individuals, attorneys for Defendants:

Kathleen E. Sheehan
Kevin C. Giordano
Keyes & Donnellan, P.C.
293 Bridge Street, Suite 600
Springfield, MA  01103
KSheehan@keyesanddonnellan.com
KGiordano@keyesanddonnellan.com


   /s/ Katie N. Linehan
Katie N. Linehan