UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
    Plaintiff )
 )
    v. )
 ) Civil Action No. 3:16-cv-30086-MGM
 )
BAYSTATE MEDICAL CENTER, INC., ET AL., )
 )
    Defendants )

<u>MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTIONS TO COMPEL
PLAINTIFF TO PROVIDE FURTHER ANSWERS TO INTERROGATORIES</u>
(Dkt. No. 39)

ROBERTSON, U.S.M.J.

In this employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), asserts claims on behalf of Stephanie Clarke. The complaint alleges that Ms. Clarke's employment at Baystate Medical Center ("BMC") and Baystate Health Systems ("BHS") (collectively "Defendants") was terminated after she declined Defendants' free influenza vaccination because of her religious beliefs. The complaint further alleges that Defendants' influenza policy required Ms. Clarke to wear a mask after she declined immunization, but the mask prevented her from adequately performing her job in the human resources department.[1]

---

[1] Additional background facts are included in the undersigned's Memorandum and Order on the Plaintiff's Motion to Compel Defendants to Respond to and Produce Documents Responsive to Plaintiff's First Set of Discovery Requests (Dkt. No. 40).

1

Before the court is Defendants' motion to compel answers to interrogatories, which were served on the EEOC pursuant Fed. R. Civ. P. 33(a).[2] The EEOC has objected to Defendants' requests on various grounds.

After a hearing and for the following reasons, Defendants' motion to compel is ALLOWED to the extent set forth herein.

I. LEGAL STANDARD

"Discovery may be obtained as to any non-privileged material relevant to any party's claim or defense that is reasonably calculated to lead to the discovery of admissible evidence." *BPP Retail Props., LLC v. N. Am. Roofing Servs., Inc.*, 300 F.R.D. 59, 61 (D.P.R. 2014) (citing Fed. R. Civ. P. 26(b)(1)). "The party resisting discovery has the burden of showing 'specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* (quoting *Vázquez–Fernández v. Cambridge Coll., Inc.,* 269 F.R.D. 150, 155–56 (D.P.R. 2010) (internal quotation and citation omitted)); Fed. R. Civ. P. 33(b)(4). "Where a response shows that 'the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper, [Fed. R. Civ. P. 33(b)(4)] has been satisfied.'" *Vázquez-Fernández*, 269 F.R.D. at 155 (quoting *Sánchez–Medina v. UNICCO Serv. Co.,* 265 F.R.D. 24, 27 (D.P.R. 2009)). If a party withholds otherwise discoverable information on the basis of privilege, the party must, "'(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do

---

[2] Each Defendant served interrogatories on the EEOC, but there is some overlap between the sets served by each Defendant, although the numbers of the overlapping interrogatories differ. For ease of reference, Baystate Health Systems' interrogatories will be referenced herein as "BSH Interrogatory No. __" and Baystate Medical Center's interrogatories will be referenced herein as "BMC Interrogatory No. ___." If the interrogatories propounded by both Defendants seek the same information, the interrogatories will be referenced as "BSH Interrogatory No. ___/BMC Interrogatory No. ___."

2

so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *BPP Retail Props., LLC*, 300 F.R.D. at 61 (citing *Rivera v. Kmart Corp.,* 190 F.R.D. 298, 300 (D.P.R. 2000)); *see* Fed. R. Civ. P. 26(b)(5)(A). "If the responding party fails to object or state the reason for the objection timely, he or she may be held to have waived any objection." *BPP Retail Props., LLC*, 300 F.R.D. at 61 (citing *Rivera,* 190 F.R.D. at 300).

II. ANALYSIS

Defendants' interrogatories that are the subject of their motion to compel can be divided into the following categories: (1) Ms. Clarke's religious beliefs (BSH Interrogatory Nos. 3, 4, 5, 6, 7, 15) (BMC Interrogatory Nos. 2, 5, 6); (2) Ms. Clarke's performance of her job while wearing a mask (BSH Interrogatory Nos. 11, 16) (BMC Interrogatory Nos. 9, 11); (3) the EEOC's claim that Defendants' influenza immunization policy was implemented with malice or reckless indifference to Ms. Clarke's rights (BSH Interrogatory No. 13); and (4) BMC's claim that it was not Ms. Clarke's employer (BMC Interrogatory Nos. 3 and 4). Each category will be discussed in turn.

A. Discovery Concerning Ms. Clarke's Religious Beliefs

"Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of, among other things, religion." *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004) (citing 42 U.S.C. § 2000e-2(a)). The statute defines the term "religion" to include: "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). "[I]n general terms, Title VII

3

requires employers . . . to accommodate, within reasonable limits, the bona fide religious beliefs and practices of employees." *E.E.O.C. v. Unión Independiente de la Autoridad de Acueductos y Alcantarillados de P. R.*, 279 F.3d 49, 55 (1st Cir. 2002). "The First Circuit applies 'a two-part framework in analyzing religious discrimination claims under Title VII.'" *Robinson v. Children's Hosp. Bos.*, Civil Action No. 14-10263-DJC, 2016 WL 1337255, at *5 (D. Mass. Apr. 5, 2016), *appeal dismissed sub nom. Robinson v. Children's Hosp. of Bos.,* No. 16-1495 (1st Cir. Feb. 23, 2017) (quoting *Sánchez-Rodríguez v. AT & T Mobility P. R., Inc.,* 673 F.3d 1, 12 (1st Cir. 2012)). First, the plaintiff must make a "'*prima facie* case that a bona fide religious practice conflicts with an employment requirement and was the reason for the adverse employment action.'" *Sánchez-Rodríguez*, 673 F.3d at 12 (quoting *Cloutier*, 390 F.3d at 133). "Second, once the plaintiff has established [a] *prima facie* case, the burden shifts to the employer to show that 'it offered a reasonable accommodation *or* that a reasonable accommodation would be an undue burden.'" *Robinson*, 2016 WL 1337255, at *5 (quoting *Sánchez-Rodríguez*, 673 F.3d at 12).

"The requirement that the employee have a 'bona fide religious belief' is an essential element of a religious accommodation claim." *Unión Independiente*, 279 F.3d at 55-56. "Title VII does not mandate an employer . . . to accommodate what amounts to a '"purely personal preference.'" *Id.* at 56 (quoting *Vetter v. Farmland Indus., Inc.,* 120 F.3d 749, 751 (8th Cir. 1997)). In order to satisfy the bona fide religious belief element, "the plaintiff must demonstrate both that the belief or practice is religious and that it is sincerely held." *Id. See Redmond v. GAF Corp.,* 574 F.2d 897, 901 n.12 (7th Cir. 1978). "Title VII's capacious definition of 'religion' includes 'all aspects of religious observance and practice, as well as belief . . . .'" *Unión Independiente*, 279 F.3d at 56 (quoting 42 U.S.C. § 2000e(j)); *see also* 29 C.F.R. § 1605.1 ("[R]eligious practices . . . include moral or ethical beliefs as to what is right and wrong which

4

are sincerely held with the strength of traditional religious views. . . . The fact that no religious group espouses such beliefs or the fact that the religious group to which the individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee or prospective employee.").

"Religious beliefs protected by Title VII need not be 'acceptable, logical, consistent, or comprehensible to others . . .'" but they must be sincerely held. *Unión Independiente*, 279 F.3d at 56 (quoting *Thomas v. Review Bd. of Ind. Emp't. Sec. Div.,* 450 U.S. 707, 714 (1981)). "The element of sincerity is fundamental, since 'if the religious beliefs that apparently prompted a request are not sincerely held, there has been no showing of a religious observance or practice that conflicts with an employment requirement.'" *Id.* (quoting *E.E.O.C. v. Ilona of Hungary, Inc.,* 108 F.3d 1569, 1575 (7th Cir. 1997)).

While "it is well recognized that courts are poor arbiters of questions regarding what is religious and what is not," *Cloutier v. Costco Wholesale*, 311 F. Supp. 2d 190, 196 (D. Mass.), *aff'd on other grounds sub nom. Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126 (1st Cir. 2004) (citing *Daniels v. City of Arlington,* 246 F.3d 500, 505 (5th Cir. 2001)), it remains the fact that the EEOC bears the burden of proof by a preponderance of the evidence on this point. *See Cloutier*, 390 F.3d at 133.

1. BSH Interrogatory No. 3/BMC Interrogatory No. 2

BMC Interrogatory No. 2 and BSH Interrogatory No. 3 seek "the specific denomination, sect, school, branch, group, party or other affiliation with Christianity of which Ms. Clarke has considered herself to be a member at any time" from January 1, 2007 to the present "and the dates of such affiliation" (Dkt. No. 39-3 at 5; Dkt. No. 39-4 at 4-5). Although the EEOC objected on the grounds of vagueness, ambiguity, and assumption of the truth of facts not proven

or in evidence, by its supplemental response, it stated that Ms. Clarke "is an adherent of the Christian faith," and that she occasionally attended services at the Resurrection Life Christian Center International in Hartford, Connecticut notwithstanding her belief that church attendance was not necessary to her religious beliefs and practices (*id.*). In the court's view, the EEOC has provided an adequate response to these interrogatories. *See Unión Independiente*, 279 F.3d at 56; *Cloutier*, 311 F. Supp. 2d at 196 (describing the term "religion" as "elusive[]" and stating that "the employee's religious beliefs need not be espoused by a formal religion or conventionally organized church"); *see also* Fed. R. Civ. P. 33(b)(4). Accordingly, so much of Defendant's motion as seeks to compel an additional response to this question is denied.

2. BSH Interrogatory No. 4/BMC Interrogatory No. 5

Defendants ask for a detailed description of the ways in which Ms. Clarke "adheres to her belief that 'her body is a temple' including any associated practices, rituals, observances, as well as each and every substance she refrains from taking into her body" (Dkt. No. 39-3 at 5-6; Dkt. No. 39-4 at 6). The EEOC has answered by indicating that "Ms. Clarke does not permit anything into her body against her will that might defile her body, such as vaccines, oral contraceptives, and other medications" (*id.*). In light of Title VII's requirement of proof of a bona fide religion and the statute's lack of protection for "what amounts to a 'purely personal preference,'" *Unión Independiente*, 279 F.3d at 56 (quoting *Vetter*, 120 F.3d at 751), the EEOC must supplement its response to this interrogatory to describe Ms. Clarke's practices, rituals, and observations, if any, and a list of all substances that she refrains from taking into her body.

3. BSH Interrogatory No. 5/BMC Interrogatory No. 6

Defendants' request for "a full description of [Ms. Clark's] violat[ions of] her religious observances, practices, and/or rituals," if any occurred, is overbroad and ambiguous.

6

Accordingly, Defendants' request to compel a supplemental response to the EEOC's supplemental answer to this interrogatory is denied (Dkt. No. 39-3 at 6; Dkt. No. 39-4 at 6-7).

4. BSH Interrogatory No. 6

BSH seeks the name, address, and telephone number of "each and every individual known to Ms. Clarke and/or the EEOC who either is known or is believed to have observed Ms. Clarke's past adherence" to her religious belief and what each person observed or is believed to have observed (Dkt. No. 39-3 at 7). The court sustains the EEOC's objections on the grounds that this request is unlimited in scope and time, and overly broad (*id.*). Accordingly, so much of Defendants' motion as seeks to compel a supplemental answer to this interrogatory is denied.

5. BSH Interrogatory No. 7

BSH requests the name, address, and dates of treatment of "each physician, clinic, hospital, or health care provider including any occupational or employer related practitioner that saw, examined and/or treated Ms. Clarke in any manner from the date that she first claims to have formed the religious belief that 'her body is a temple'" (Dkt. No. 39-3 at 7-8). The EEOC objects on the grounds of irrelevance, lack of limitations on scope and time, and the psychotherapist-patient privilege or doctor-patient privilege (Dkt. No. 39-3 at 7-8; Dkt. No. 42 at 10).

The requested information is relevant to whether or not Ms. Clarke was observing a religious belief or indulging a personal preference when she declined the influenza vaccine. *See Unión Independiente*, 279 F.3d at 55. Because this information's relevance outweighs any privilege and because it will be subject to a protective order (*see* Memorandum and Order Regarding Plaintiff's Motion to Compel, Dkt. No. 40), the EEOC must answer this interrogatory, temporally limited to Ms. Clarke's medical treatment from January 1, 2012 to the present.

6. BSH Interrogatory No. 15

According to BSH Interrogatory No. 15, if the EEOC is claiming that wearing a mask in lieu of receiving the influenza vaccine did not "fully eliminate any conflict between Ms. Clarke's religious practice and her employment requirements," BSH seeks "the manner in which [Ms. Clarke's] religious freedom was not fully accommodated" (Dkt. No. 39-3 at 12). Although the EEOC objected on the grounds that the request is "argumentative, and mischaracterizes [its] claims . . . and Defendants' legal obligations to provide Ms. Clarke with a religious accommodation," it answered by stating that "the mask Defendants required Ms. Clarke to wear did not constitute a religious accommodation" (*id.*). Because the EEOC's answer is ambiguous and not responsive to Defendants' interrogatories, the EEOC must supplement its answer to respond to the question of whether or not wearing a mask conflicts with any of Ms. Clarke's religious beliefs. Accordingly, so much of Defendant's motion as seeks to compel an answer to this interrogatory is allowed.

B. Discovery Concerning Ms. Clarke's Job Performance While Wearing a Mask

1. BSH Interrogatory No. 11/BMC Interrogatory No. 9

Defendants seek information about every person who spoke to Ms. Clarke either in person or over the telephone while she was wearing a mask at her job and complained that they could not understand her, including the person to whom she spoke, whether the person to whom she spoke was a job applicant, a reference, a manager, "or someone else," the date of each such conversation, the complete substance of each such conversation, and whether the conversation occurred over the telephone or in person (Dkt. No. 39-3 at 9-10; Dkt. No. 39-4 at 8-9). The EEOC has responded that "at least one applicant" complained about not being able to understand Ms. Clarke while she wore the mask and named three colleagues who indicated that she was

6. BSH Interrogatory No. 15

According to BSH Interrogatory No. 15, if the EEOC is claiming that wearing a mask in lieu of receiving the influenza vaccine did not "fully eliminate any conflict between Ms. Clarke's religious practice and her employment requirements," BSH seeks "the manner in which [Ms. Clarke's] religious freedom was not fully accommodated" (Dkt. No. 39-3 at 12). Although the EEOC objected on the grounds that the request is "argumentative, and mischaracterizes [its] claims . . . and Defendants' legal obligations to provide Ms. Clarke with a religious accommodation," it answered by stating that "the mask Defendants required Ms. Clarke to wear did not constitute a religious accommodation" (*id.*). Because the EEOC's answer is ambiguous and not responsive to Defendants' interrogatories, the EEOC must supplement its answer to respond to the question of whether or not wearing a mask conflicts with any of Ms. Clarke's religious beliefs. Accordingly, so much of Defendant's motion as seeks to compel an answer to this interrogatory is allowed.

B. Discovery Concerning Ms. Clarke's Job Performance While Wearing a Mask

1. BSH Interrogatory No. 11/BMC Interrogatory No. 9

Defendants seek information about every person who spoke to Ms. Clarke either in person or over the telephone while she was wearing a mask at her job and complained that they could not understand her, including the person to whom she spoke, whether the person to whom she spoke was a job applicant, a reference, a manager, "or someone else," the date of each such conversation, the complete substance of each such conversation, and whether the conversation occurred over the telephone or in person (Dkt. No. 39-3 at 9-10; Dkt. No. 39-4 at 8-9). The EEOC has responded that "at least one applicant" complained about not being able to understand Ms. Clarke while she wore the mask and named three colleagues who indicated that she was

unintelligible (*id.*). Whether requiring Ms. Clarke to wear a mask was a reasonable accommodation is at issue in this case. *See Sánchez-Rodríguez*, 673 F.3d at 12 ("'[C]ases involving reasonable accommodation turn heavily upon their facts and an appraisal of the reasonableness of the parties' behavior.'") (quoting *Rocafort v. IBM Corp.*, 334 F.3d 115, 120 (1st Cir. 2003)). Accordingly, to the extent the EEOC has not fully responded to this interrogatory, it must supplement its response.

        2.      BSH Interrogatory No. 16/BMC Interrogatory No. 11

Defendants ask the EEOC to identify all of Ms. Clarke's supervisors *who told her* that they were concerned that wearing the mask would interfere with her ability to perform the essential functions of her job and/or that she was not adequately performing her job because she was wearing the mask (Dkt. No. 39-3 at 12; Dkt. No. 39-4 at 10) (emphasis added). Defendants also seek the dates of these occurrences and the substance of the conversations (*id.*). The EEOC objected and named individuals in supervisory positions who Ms. Clarke informed that wearing a mask impacted her ability to perform her job (*id.*). This answer is not responsive to Defendants' interrogatories, which the EEOC must answer. *See Sánchez-Rodríguez*, 673 F.3d at 12.

      C.      <u>Discovery Concerning Defendants' Intent in Implementing the Influenza Immunization Policy (BHS Interrogatory No. 13)</u>

BSH seeks "all facts and information that is used to formulate the basis of . . . EEOC's claim" that Defendants' vaccination policy was not implemented "with a bona fide objective, but instead was done with malice or with reckless indifference to [Ms.] Clarke's protected rights" (Dkt. No. 39-3 at 10-11). The employer's motive and intent are central to employment discrimination claims. *See Vázquez-Fernández*, 269 F.R.D. at 155 (quoting *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1990)). Accordingly, the EEOC's objection that BSH's request is argumentative and misstates its claims is not well taken (Dkt. No. 39-3 at 10-11), and

9

so much of Defendants' motion to compel as seeks a response to Substitute Interrogatory No. 13 is allowed.

        D.      <u>Discovery Concerning BMC's Status as Ms. Clarke's Employer (BMC Interrogatory Nos. 3 and 4)</u>.

BHS has admitted that it was Ms. Clarke's employer. BMC's Interrogatory Nos. 3 and 4 seek discovery of the information upon which the EEOC relies for its claim that Ms. Clarke was also employed by BMC and that BMC, separate and distinct from BSH, discriminated against Ms. Clarke because of her religion (Dkt. No. 39 at 13-15; Dkt. No. 39-4 at 5-6). For the reasons the EEOC explained at the hearing, the EEOC is entitled to discovery on the identity of Ms. Clarke's employer before it answers these interrogatories. The court defers any ruling on these interrogatories pending production of additional discovery on the identification of Ms. Clarke's employer, which is largely in Defendants' custody and control.

        III.      <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to compel (Dkt. No. 39) is allowed in part and denied in part as set forth herein. To the extent the motion is allowed, the EEOC is ordered to respond on or before **November 13, 2017**.

Each party to bear its own fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(C).

It is so ordered.

Dated: October 30, 2017                                                  <u>/s/ Katherine A. Robertson</u>
                                                                              KATHERINE A. ROBERTSON
                                                                              United States Magistrate Judge